IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ELISANDRO A. LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DONNIE YOUNG & RHONDA FELTS, )<br>)<br>Defendants. )<br>) | Cv. No.     3:12-cv-01251<br>Judge Campbell / Magistrate Judge John S. Bryant |

**To: The Honorable Todd J. Campbell, District Judge**

**Report and Recommendation**

Presently pending before the Magistrate Judge is the defendant's Motion for Summary Judgment. For the reasons explained below, the undersigned **RECOMMENDS** that the defendant's motion be **GRANTED** and the plaintiff's claims be **DISMISSED**.

**I. INTRODUCTION AND BACKGROUND**

Elisandro Lopez ("Plaintiff"), a pro se prisoner, filed this action on November 30, 2012 alleging that Donnie Young and Rhonda Felts ("Defendants") violated his civil rights under 42 U.S.C. § 1983. (Docket Entry "(DE") 1). Plaintiff is a state prison inmante housed at the county correctional facility in Dickson, Tennessee.

According to Plaintiff, his Eighth Amendment rights to humane conditions of confinement have been violated because: 1) there are no Spanish-speaking guards at the facility; 2) the detention facility has "no midnight medical staff;" 3) the detention facility has no law library or legal counsel on staff; 4) Plaintiff is "indigent and hungry day in and day out;" 5) Plaintiff's undergarments are worn out and in need of replacement; 6) Plaintiff is denied access

to rehabilitative programs; and, thus 7) Plaintiff is not able to earn "good time credits" as are his counterparts housed in state correctional facilities. (DE 1).

By order dated March 11, 2013, the Magistrate Judge established that discovery was to conclude on June 28, 2013, all dispositive motions were to be filed on or before July 29, 2013, and thirty (30) days were permitted for response. (DE 16). Defendants timely filed the instant motion for summary judgment on June 14, 2013. (DE 19). Plaintiff has failed to respond in opposition, and the time for doing so has expired.

Thus, this matter is properly before the court.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue of material fact" is one which, if proven, could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden rests with the moving party to establish the absence of a genuine factual dispute. *Id.* at 249-50.

In deciding whether summary judgment is appropriate, the district court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for a trial." *Sowards v. Loudon County*, 203 F.3d. 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). In so doing, the district court must "draw all reasonable inferences in favor of the non-moving party" in its analysis of the pleadings, affidavits, and other submissions. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party is not entitled to trial solely on the basis of the pleadings themselves, but must provide more than conclusory allegations, speculation, and unsubstantiated assertions. *See Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Rather, at the summary judgment stage, the party opposing summary judgment "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252)

**B. Grounds for Decision**

In the affidavit of Donnie Young, he testifies that Plaintiff has failed to submit a grievance regarding the lack of Spanish-speaking guards and the lack of midnight medical staff through the formal grievance process. (DE 22 at 2-4.) Further, Young testifies that Plaintiff has been provided with adequate clothing, and that new undergarments are available to Plaintiff if he requests them through the grievance process. (Id. at 3).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . until such administrative remedies as are available [to an aggrieved party] are exhausted." 42 U.S.C. § 1997e (a). While this provision poses no impediment to federal court jurisdiction absent an allegation of exhaustion, it does require a prison inmate to demonstrate that he has exhausted all administrative remedies available to him, when, as here, the opposing party raises exhaustion as an affirmative defense in a motion for summary judgment. *Jones v. Bock*, 549 U.S. 199, 214-16 (2007).

"[A]n inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance procedure." *Napier v. Laurel County*, 636 F.3d 218, 224 (6th Cir. 2011) (quoting *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999)). This is so even if the inmate asserts the grievance process would be futile. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (noting that the United States Supreme Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress provides otherwise.").

Rather, when the issue is raised, the inmate must demonstrate that he or she has initiated the grievance process and completed it through each level of appeal provided for. *See Poor v. Grayson*, 46 Fed. Appx. 825 (6th Cir. 2002) (unpublished opinion) (affirming the district court's dismissal of a prisoner's complaint because he did not pursue his grievance to the next level); *see also Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1999).

The undisputed evidence in the record demonstrates that Plaintiff has not invoked the grievance process regarding Spanish-speaking guards and the facility's medical staff, so those claims must be dismissed for failure to exhaust administrative remedies. In addition, the Young affidavit establishes that inmates at the Dickson County jail are provided adequate medical care, food, certain work and education opportunities, opportunities to earn "good time" credits, adequate clothing, access to certain legal resources, and access to a Spanish-speaking officer. Moreover, the jail maintains a written policy regarding inmate discipline. (DE 22 at 12-14). Thus, the undisputed evidentiary record refutes each of Plaintiff's claims.

### III. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law.

# IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the defendants' motion for Summary Judgment be **GRANTED** and Plaintiff's claims be **DISMISSED**.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 24th day of February, 2014.

/s/John S. Bryant
John S. Bryant
Magistrate Judge